UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
(at Frankfort)

| | | |
|---|---|---|
| McCURDY'S ELECTRONIC SECURITY, INC., et al., | ) ) ) | |
| Plaintiffs, | ) ) | Civil Action No. 3: 10-62-DCR |
| V. | ) ) | |
| CHRISTOPHER SHAWN DAUGHERTY, et al., | ) ) ) | **MEMORANDUM OPINION AND ORDER** |
| Defendants. | ) | |

\*\*\* \*\*\* \*\*\* \*\*\*

Defendants Christopher Shawn Daugherty and Farmers Bank & Capital Trust Company ("Farmers") have moved the Court to dismiss or, in the alternative, to stay this action. [Record No. 14] The remaining defendants, Franklin County Fiscal Court and Franklin County Sheriff Steve Clark, have joined in the motion. [Record No. 15] The defendants argue that the claims of Plaintiffs McCurdy's Electronic Security, Inc., Gary A. McCurdy, and Sharon R. McCurdy are barred by the *Rooker-Feldman* doctrine. In the alternative, they ask the Court to abstain from hearing the plaintiffs' claims or stay the matter pending resolution of the parties' action in state court. As will be explained below, the plaintiffs' sole federal cause of action can be construed two ways. However, it fails under either construction. The Court also concludes that there is no reason to retain supplemental jurisdiction over the remaining state-law claims. As a result, the Court will grant the defendants' motion and dismiss this case in its entirety. Inasmuch as the issues raised by the parties have not been resolved on the merits, dismissal will be without prejudice.

**I.**

This case arises out of a repossession that occurred at the residence of Gary and Sharon McCurdy. As set forth in the Complaint, McCurdy's Electronic Security, Inc. borrowed $30,133 from Farmers in February 2009. The loan was secured by the company's general business assets, including accounts receivable, inventory, and equipment. [Record No. 1-3, pp. 3-5] McCurdy's breached its payment obligations under the loan. As a result, on May 10, 2010, Farmers filed an *ex parte* motion for writ of possession in Franklin Circuit Court, Miscellaneous Civil Action No. 67, *Farmers Bank & Capital Trust Company v. McCurdy's Electronic Security, Inc.* [*Id.*, p. 1] On the same day, the Franklin Circuit Clerk entered an order awarding Farmers possession of "all [McCurdy's] general business assets, including accounts receivables, furniture, fixtures and equipment, and inventory." [Record No. 1-4, p. 1] The Order of Possession authorized the Franklin County Sheriff to seize and deliver those assets to Farmers. The location of the assets was not specified in the order. [*See id.*]

The next day, Daugherty (a Farmers employee), a Franklin County deputy sheriff, and two other individuals forcibly entered the garage of Gary and Sharon McCurdy's residence and began removing personal property. Approximately one hour later, Gary McCurdy arrived at the residence and discovered the repossession efforts under way. He noticed that several of the items already seized were "entirely unrelated to Electronics' business operations" and had not been identified in the loan documents as collateral. [Record No. 1, p. 5 ¶ 23] Gary McCurdy repeatedly demanded that the repossession be halted; however, the deputy sheriff maintained that he was authorized to carry out the repossession. [*Id.*, p. 6 ¶¶ 26-27]

The plaintiffs filed this civil action in September 2010. They assert state-law claims for breach of the peace, conversion, and wrongful distress or attachment. The final claim, brought under 42 U.S.C. § 1983, alleges violation of the plaintiffs' Fourteenth Amendment due process rights.[1] [*Id.*, pp. 6-7 ¶¶ 28-34]

**II.**

The defendants first assert that the Court lacks subject-matter jurisdiction over this action pursuant to the *Rooker-Feldman* doctrine, which precludes federal district courts from reviewing state-court decisions. The Court will begin by addressing the only claim in the Complaint over which it might possess original jurisdiction, namely, the § 1983 claim.

**A.    § 1983 Claim**

According to the Complaint, "agents of the Franklin County Sheriff's Department violated the Plaintiffs' due process rights by participating in and condoning the forcible breaking and entry into the McCurdy's [sic] residence." [Record No. 1, p. 7 ¶ 33] The precise basis for this claim is unclear. Regardless of how it is construed, however, it cannot survive a 12(b)(6) challenge. First, to the extent the plaintiffs assert that the repossession was unconstitutional because the defendants' actions were taken pursuant to a writ of possession obtained without notice and a hearing, their claim is barred by the *Rooker-Feldman* doctrine, as such a claim would be a direct challenge to the constitutionality of the order entered by the state court. Second, even if the claim is premised on the alleged seizure of property not authorized by the state-court writ, it nevertheless fails because the plaintiffs assert a theory of liability not available in § 1983 actions.

---

1    Although the plaintiffs' response to the motion to dismiss contains repeated references to a Fourth Amendment claim — even going so far as to state that an alleged Fourth Amendment violation is "[t]he central premise of the Plaintiffs' claims" [Record No. 17, p. 2] — no such claim appears in the Complaint. [*See* Record No. 1]

### 1. *Rooker-Feldman*

The *Rooker-Feldman* doctrine applies "when a plaintiff asserts before a federal district court that a state court judgment . . . was unconstitutional or in violation of federal law." *McCormick v. Braverman*, 451 F.3d 382, 395 (6th Cir. 2006). To determine whether an action is barred by *Rooker-Feldman*, the Court must identify "the source of the injury the plaintiff alleges in the federal complaint. If the source of the injury is the state court decision, then the *Rooker-Feldman* doctrine would prevent the court from asserting jurisdiction." *Id.* at 393. Put another way, a federal constitutional challenge to a state court decision is "inextricably intertwined" with that decision, and thus barred under *Rooker-Feldman*,

> if the federal claim succeeds only to the extent that the state court wrongly decided the issues before it. Where federal relief can only be predicated upon a conviction that the state court was wrong, it is difficult to conceive the federal proceeding as, in substance, anything other than a prohibited appeal of the state-court judgment.

*Pennzoil Co. v. Texaco, Inc.*, 481 U.S. 1, 25 (1987) (Marshall, J., concurring); *see McCormick*, 451 F.3d at 394-95 ("[T]he phrase 'inextricably intertwined' . . . describes the conclusion that a claim asserts an injury whose source is the state court judgment, a claim that is thus barred by *Rooker-Feldman*."). Although the *Rooker-Feldman* doctrine generally bars claims only by a plaintiff who was a party to the state-court action, the Sixth Circuit has held that "a person in privity with the actual party who loses in state court may be deemed a state-court loser" whose claim is also barred. *McCormick*, 451 F.3d at 396.

Here, the defendants argue, the Court could not resolve the plaintiffs' claims without deciding whether the Franklin Circuit Court wrongly entered the May 10, 2010, Order of Possession. In fact, according to the defendants, "Plaintiffs' sole requested relief is a determination that the Franklin Circuit Court erred in issuing and executing the Order of Possession in the pending state-

court matter." [Record No. 14-1, p. 6] While the defendants' characterization is not literally accurate, the Court agrees that *Rooker-Feldman* has some application in this case.

The plaintiffs' § 1983 claim appears to rest on an allegation that they were denied due process prior to entry of the Order of Possession. The only specific allegation of procedural deficiency in the Complaint is a list of steps that Farmers allegedly failed to take in obtaining the order. [*See* Record No. 1, p. 4 ¶ 15] Certain statements in their response to the motion to dismiss also support this construction of the claim. For example, the plaintiffs attempt to show that *Rooker-Feldman* does not apply by arguing that they "were afforded absolutely no notice or opportunity to contest the Defendant Farmers' state court Ex Parte Motion and the resulting writ of the Franklin District [sic] Court." [Record No. 17, p. 6] Yet this statement indicates that dismissal on *Rooker-Feldman* grounds is appropriate, since it implies that the alleged constitutional violation occurred when the Franklin Circuit Court awarded possession of the property to Farmers without prior notice to the plaintiffs.

Insisting that "this case is not about reviewing the state court writ or whether the Sheriff erred by executing same," the plaintiffs nonetheless proceed to explain that the purpose of this lawsuit is to "present evidence . . . pertaining to the manner in which the Defendants obtained the writ and the manner in which they executed upon the writ" and secure a determination that the defendants' actions were unconstitutional. [Record No. 17, p. 3; *see id.*, p. 4] But if the means by which the defendants obtained the writ were constitutionally flawed, so too is the writ itself, which legally deprived the plaintiffs of their property. Likewise, insofar as the defendants were acting pursuant to the writ of possession, this Court may not review their execution of the writ. As the Sixth Circuit has explained, "if a third party's actions are the product of a state court judgment, then

a plaintiff's challenge to those actions [is] in fact a challenge to the judgment itself." *McCormick*, 451 F.3d at 394.

The plaintiffs further contend, based on an Eleventh Circuit decision, that *Rooker-Feldman* cannot apply in this case because Gary and Sharon McCurdy were not parties to the Franklin Circuit Court action. [*See* Record No. 17, p. 5] However, although only McCurdy's Electronic Security was named in the state-court case, Gary McCurdy, as chief executive officer and owner, is in privity with the company and thus may not challenge the Order of Possession in this court. *See McCormick*, 451 F.3d at 396 (holding that "a person in privity with the actual party who loses in state court may be deemed a state-court loser" for *Rooker-Feldman* purposes). Whether Sharon McCurdy is likewise in privity with the business is less clear, but resolution of that question is not essential. Either way, her claim cannot survive. If she shares a property interest in the company's assets such that she is in privity, then her claim is barred by *Rooker-Feldman*. *See id.* On the other hand, if she has no property interest, then she has suffered no deprivation under the Fourteenth Amendment and her due process claim necessarily fails.

In short, while the plaintiffs do not expressly seek to have the state-court order overturned, their claim appears to be based on the process (or lack thereof) they received prior to issuance of the Order of Possession. If this is the basis of their complaint, then the source of their alleged injury is the Order of Possession and the claim cannot succeed unless that order is found to have been wrongly issued. This is precisely the sort of *de facto* appellate review *Rooker-Feldman* prohibits. *See id.* at 394-95.

## 2. *Respondeat Superior*

The plaintiffs' § 1983 claim could also be construed as challenging the deprivation of property not authorized by the Order of Possession. Although such a claim does not run afoul of *Rooker-Feldman*, it fails on other grounds.

As an initial matter, the Court notes that the § 1983 claim implicates only two of the four defendants: Franklin County Fiscal Court and Franklin County Sheriff Steve Clark. *See Romanski v. Detroit Entm't, L.L.C.*, 428 F.3d 629, 636 (6th Cir. 2005) ("Section 1983 makes liable only those who, *while acting under color of state law*, deprive another of a right secured by the Constitution or federal law." (emphasis added)). [*See* Record No. 1, p. 7 ¶ 33 (alleging constitutional violation by "agents of the Franklin County Sheriff's Department")] The Complaint states that the fiscal court is being sued under a *respondeat superior* theory as the employer of the Franklin County Sheriff and his deputies. [*See id.*, p. 2 ¶ 7] It is well-established, however, that such liability does not apply in the § 1983 context. *See Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1948 (2009) ("[R]espondent correctly concedes that Government officials may not be held liable for the unconstitutional conduct of their subordinates under a theory of *respondeat superior*."); *id.* at 1949 ("In a § 1983 suit . . . masters do not answer for the torts of their servants . . . ."). The plaintiffs therefore fail to state a claim against the fiscal court under § 1983.

The § 1983 claim against Sheriff Clark is likewise fatally flawed. Although the plaintiffs do not expressly state that they are suing Clark in his official capacity, that much is apparent from the face of the Complaint. The caption lists him as "Steve Clark, Franklin County Sheriff," and he is identified in the body of the Complaint as follows:

> Defendant Sheriff Steve Clark ("Sheriff Clark") presently serves as Sheriff of Franklin County, Kentucky, and held that position at all times material herein. In his

> capacity as Sheriff, Mr. Clark employs numerous deputy sheriffs who serve as sworn peace officers of the Commonwealth of Kentucky and take actions as agents of the County of Franklin, State of Kentucky.

[Record No. 1, p. 2 ¶ 6] And while there are several indications that Clark is being sued in his official capacity, nothing in the Complaint would tend to put Clark on notice that he faces individual liability. *Cf. Shepherd v. Wellman*, 313 F.3d 963, 967-68 (6th Cir. 2002) (where the complaint does not explicitly state the capacity in which a defendant is being sued, the court looks to the complaint and other pleadings "to determine whether the § 1983 defendant[] ha[s] received notice of the plaintiff's intent to hold [him] personally liable." (citing *Moore v. City of Harriman*, 272 F.3d 769, 772 (6th Cir. 2001) (en banc)).

Moreover, nowhere in the Complaint do the plaintiffs allege any wrongdoing by Sheriff Clark himself. Instead, they contend that his deputies and "agents" were responsible for their injuries. [*See, e.g.*, Record No. 1, p. 7 ¶ 31 ("Multiple agents of the Franklin County Sheriff actively participated in the planning and physical repossession of property from the McCurdy's [sic] residence."); *id.* ¶ 33 (alleging that "agents of the Franklin County Sheriff's Department violated the Plaintiffs' due process rights")] The above-quoted passage from the Complaint also suggests that the plaintiffs' claims against Sheriff Clark are based solely upon the alleged actions of deputies he employs. [*See id.*, p. 2 ¶ 6] However, "[b]ecause vicarious liability is inapplicable to . . . § 1983 suits, a plaintiff must plead that each Government-official defendant, *through the official's own individual actions*, has violated the Constitution." *Iqbal*, 129 S. Ct. at 1948 (emphasis added). Here, the plaintiffs have alleged no individual action by Sheriff Clark. Thus, their § 1983 claim against him also fails.

B.  **State-Law Claims**

Having disposed of the plaintiffs' only federal cause of action, the Court is left with their three state-law claims. Pursuant to 28 U.S.C. § 1367, a court need not exercise supplemental jurisdiction if it "has dismissed all claims over which it has original jurisdiction." 28 U.S.C. § 1367(c)(3). The Court finds no reason to retain jurisdiction under the facts presented. The case is still in its early stages, the remaining claims arise squarely under state law, and the statutes of limitations have not yet run. *See* Ky. Rev. Stat. § 413.125 (actions involving personal property must be brought within two years from the time they accrued); *see also Rich & Rich P'ship v. Poetman Records USA, Inc.*, 714 F. Supp. 2d 657, 669 (E.D. Ky. 2010) (statute of limitations for conversion under Kentucky law is two years). As a result, the plaintiffs' state-law claims also will be dismissed.

### III.

In summary, the plaintiffs' claims are barred by the *Rooker-Feldman* doctrine insofar as they challenge the constitutionality of actions taken pursuant to the Franklin Circuit Court's Order of Possession. Moreover, even if the claims are limited to repossession efforts not authorized by the state-court order, the plaintiffs may not recover under a theory of *respondeat superior* in a § 1983 action. In addition to dismissing the sole federal claim, the Court declines to exercise supplemental jurisdiction over the remaining state-law claims. Accordingly, it is hereby

**ORDERED** that the Defendants' motion to dismiss this action [Record No. 14] is **GRANTED** with respect to all defendants. The alternative request that the action be stayed is **DENIED** as moot. This action is **DISMISSED**, without prejudice, and shall be stricken from the Court's docket.

This 26th day of May, 2011.


Signed By:
Danny C. Reeves
United States District Judge